NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN McCUE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL ACTION NO. 18-9068 (JLL)

**OPINION**

**LINARES**, Chief District Judge

John McCue, who was born in May 1954, seeks judicial review pursuant to 42 U.S.C. § 405(g) and Local Civil Rule 9.1 of the final decision (hereinafter, "the Decision") issued on behalf of the Commissioner of the Social Security Administration (hereinafter, "the Commissioner") by an administrative law judge (hereinafter, "the ALJ") dated October 11, 2017, after the ALJ conducted an Administrative Hearing on August 9, 2017. (ECF No. 1 (complaint); R. at 15–19 (the 10-11-2017 ALJ Decision); R. at 26–38 (the 8-9-2017 Hr'g Tr.).) In the Decision, the ALJ addressed McCue's application for disability insurance benefits. (R. at 15–19.)

McCue claimed, among other things, that he suffered from debilitating pain in his right knee due to arthritis that amounted to a severe impairment. (R. at 18.) However, the ALJ found that McCue "was not under a disability, as defined in the Social Security

Act, at any time from June 1, 2009, the alleged onset date, through December 31, 2013, the date last insured [(hereinafter, "the Date Last Insured")]." (R. at 19.) McCue objects to the ALJ's conclusions. (ECF No. 1.)

The Court has carefully considered the Administrative Record, as well as the submissions that have been made in support of and in opposition to the instant appeal. (*See* ECF No. 5 (Administrative Record); ECF No. 10 (McCue's brief); ECF No. 12 (Commissioner's brief); ECF No. 13 (McCue's reply).) The Court decides this matter on the briefs of the parties and without conducting oral argument. *See* L. Civ. R. 78.1(b); L. Civ. R. 9.1. For the reasons set forth below, the Court finds that the ALJ failed to support the conclusion that McCue did not suffer from a severe impairment based upon arthritis in his right knee. The Court thus remands this matter for further proceedings that are consistent with this Opinion.

## I. BACKGROUND

The Court writes for the parties who are familiar with the facts and procedural history of the case. The Court therefore specifically addresses in the discussion below only those facts relevant to the issues raised on appeal.

## II. STANDARD OF REVIEW

The Court must affirm the Decision if the ALJ's findings of fact are supported by substantial evidence, *i.e.*, evidence that a reasonable mind might accept as adequate to support a conclusion. *See* 42 U.S.C. § 405(g); *see also Reefer v. Barnhart*, 326 F.3d 376,

379 (3d Cir. 2003) (stating the same); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (same); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (same). The Court must be deferential to the inferences drawn by the ALJ from the facts if those inferences, in turn, are supported by substantial evidence. *See Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981); *see also Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (stating that a court "will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently"). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "[i]t is less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citations and internal quotes omitted). Additionally, a disability must be established by objective medical evidence.

To this end, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." 42 U.S.C. § 423(d)(5)(A). Instead, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

*Id.* The factors to consider in determining how to weigh the evidence originating from a

medical source include: (1) the examining relationship; (2) the treatment relationship, including the length, frequency, nature, and extent of the treatment; (3) the supportability of the opinion; (4) its consistency with the record as a whole; and (5) the specialization of the individual giving the opinion. *See* 20 C.F.R. § 404.1527(c).

The "substantial evidence standard is a deferential standard of review." *Jones*, 364 F.3d at 503. The ALJ is required to "set forth the reasons for his decision," and not merely make conclusory and unexplained findings. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000). But, if the ALJ's decision is adequately explained and supported, then the Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 361 (3d Cir. 2004) (citation omitted). It does not matter if this Court "acting *de novo* might have reached a different conclusion." *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190–91 (3d Cir. 1986) (citation omitted). The ALJ is also "not require[d] . . . to use particular language or adhere to a particular format in conducting [the] analysis," but the ALJ must "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505.

### III. THE FIVE STEP PROCESS AND THE ALJ'S DECISION

**A.     The Law**

A claimant is eligible to collect benefits if, among other things, he demonstrates that he is disabled based on an "inability to engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person is disabled only if the physical or mental impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The "five step sequential evaluation for determining whether a claimant is under a disability, as set forth in 20 C.F.R. § 404.1520" is the following:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work.
>
> If the claimant is unable to resume her former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to

> the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled.

*Burnett*, 220 F.3d at 118–19 (case citations omitted). As to the analysis that is required under the fourth step, the ALJ must consider all of the claimant's impairments, including those impairments that the ALJ finds to be not severe. *See* 20 C.F.R. § 404.1545(a)(2).

"The claimant bears the burden of proof for steps one, two, and four of this test. The Commissioner bears the burden of proof for the last step." *Sykes*, 228 F.3d at 263. Neither party bears the burden of proof at step three. *See id.* at 263 n.2.

### B. Arthritis In The Right Knee

At the second step of the sequential evaluation, the ALJ concluded that "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the [D]ate [L]ast [I]nsured," and ended the analysis at step two as a result. (R. at 19.) In doing so, the ALJ noted in particular that McCue claimed that he suffered from "degenerative joint disease" in his right knee, but then went on to conclude that McCue:

> failed to provide any medical evidence supporting th[at] condition[] during the period at issue. ... In addition, although treatment notes mention evidence

6

of arthritis in his knees, there were no objective medical findings supporting this condition.

(R. at 18.)

McCue argues that the ALJ erred in: (1) finding that McCue failed to submit objective medical evidence concerning the condition of his right knee in the Administrative Record; and (2) consequently concluding that McCue did not suffer from a severe impairment. (ECF No. 10.) McCue points out that he submitted medical records from Dr. Christopher Carey, who was his treating orthopedic surgeon, which indicated that he suffered from debilitating arthritis in his right knee before the Date Last Insured, and he asserts that the ALJ failed to address Dr. Carey's records in the Decision. (*Id.* at 8, 11–13.))

In response, the Commissioner argues that the ALJ considered all of the medical evidence presented, and that the ALJ correctly found that McCue's arthritis in his right knee was not a severe impairment. (ECF No. 12.)

The Court agrees with McCue's arguments on this issue and concludes that this matter must be remanded for a new hearing, because the above-quoted findings set forth by the ALJ in the Decision that McCue "failed to provide any medical evidence" that he suffered from debilitating arthritis in his right knee, and that "there were no objective medical findings supporting this condition" are not supported by substantial evidence. Dr. Carey's medical records from 2013, which are part of the Administrative Record, report that: (1) Dr. Carey ordered and examined x-rays of McCue's right knee, which

revealed that McCue suffered from arthritis therein; and (2) in conjunction with those x-rays, Dr. Carey made clinical findings upon examining and treating McCue that McCue was suffering from progressive arthritis in the right knee. (R. at 304 (medical record dated September 5, 2013 from Dr. Carey stating as to McCue that "X-rays: plain films today demonstrate degenerative changes of the knee," with "Impression: right knee arthritis").) In addition, Dr. Carey indicated in his records that medications, physical therapy, and repeated visco-supplementation injections — all of which Dr. Carey either prescribed for or administered to McCue during 2013 before the Date Last Insured — were ineffective in resolving McCue's pain, and that the condition of McCue's right knee was interfering with McCue's daily living activities. (R. at 299–303.)[1]

Furthermore, McCue's counsel specifically referred to Dr. Carey's medical records during the Administrative Hearing, and then reiterated Dr. Carey's conclusions in separate correspondence to the ALJ after the Administrative Hearing was conducted. (R. at 31, 36–37, 237–38.) Nevertheless, the ALJ did not address Dr. Carey's findings

---

[1] Both McCue and the Commissioner mention that McCue eventually required a right-knee replacement, and that this surgical procedure occurred after the Date Last Insured. (*See* ECF No. 10 at 8; ECF No. 12 at 5.) However, because this surgery was performed after the Date Last Insured, the Court will not address it here. *See Ortega v. Comm'r. of Soc. Sec.*, 232 F. App'x 194, 197 (3d Cir. 2007) (holding that an ALJ correctly rejected a claim for benefits that was based upon obesity, where the medical reports in the administrative record indicated that the claimant was not obese as of that claimant's Date Last Insured); *Massaro v. Comm'r of Soc. Sec.*, 84 F. App'x. 175, 179 (3d Cir. 2003) (holding that the ALJ correctly rejected a claim for benefits that was based upon a progressive impairment, where the medical reports in the administrative record indicated that that the claimant's impairment had reached a disabling degree only after the Date Last Insured had elapsed).

concerning the condition of McCue's right knee. As a result, this matter must be remanded so that these medical records are properly considered by the ALJ in addressing the effect of McCue's arthritis in his right knee before the Date Last Insured upon his ability to work. *See Feliciano v. Astrue*, No. 11-2239, 2012 WL 2992083, at *8 (D.N.J. July 20, 2012) (holding that the burden placed upon a claimant for disability insurance benefits at step two is not an exacting one, and that the claimant need only demonstrate something beyond a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the ability to work).

The Commissioner argues that Dr. Carey's records do not demonstrate that McCue suffered from any severe impairment before the Date Last Insured; that the ALJ properly credited the findings of two state agency medical consultants who found that McCue did not suffer from an impairment; and that Dr. Carey's findings were "unremarkable." (ECF No. 12 at 9–10.) But *the ALJ* did not make these findings, as the ALJ failed to specifically address in the Decision the medical records generated by a treating physician, *i.e.*, Dr. Carey. The ALJ's failure to properly consider that these records indicated that McCue suffered from arthritis and pain in his right knee during the alleged period of disability, and the ALJ's resulting failure to directly address whether this fact prevented McCue from working, is reversible error. *See Lehman v. Astrue*, No. 09-1449, 2010 WL 2034767, at *15 (W.D. Pa. May 18, 2010) (holding that an ALJ's decision was not supported by substantial evidence because of, among other things, "the erroneous factual assertions"). The Court is barred from attempting to correct the ALJ's errors by

independently analyzing Dr. Carey's medical records concerning McCue's condition and treatment in relation to the other medical evidence in the Administrative Record. *See Jones*, 364 F.3d at 505 (holding that *the ALJ* must provide an explanation of the findings in order to permit a meaningful review by a district court) (emphasis added); *Lloyd v. Barnhart*, 47 F. App'x 135, 137–38 (3d Cir. 2002) (holding that "the District Court has no fact-finding role in reviewing social security disability cases"). Consequently, because the ALJ did not completely set forth and analyze McCue's medical history concerning the arthritis in his right knee, this necessarily led to a conclusion that was not based on substantial evidence. This is an error that can only be remedied on a remand to the ALJ.

An entirely new sequential evaluation upon remand is necessary here due to the ALJ's incomplete assessment of McCue's medical records in relation to his alleged severe impairment of arthritis in his right knee, and thus the Court will not address McCue's remaining substantive challenges to the extent that he raises any. *See Lawrence v. Colvin*, No. 15-2851, 2016 WL 1644622, at *10 (D.N.J. Apr. 26, 2016) (holding the same in finding that a remand was appropriate because the ALJ failed to properly consider one of the claimant's disabilities, and thus the ALJ would be required to engage in an entirely new evaluation concerning the claimant's other alleged severe disabilities).

## IV. CONCLUSION

For the foregoing reasons, the Court remands the matter to the ALJ for further proceedings that are consistent with this Opinion. The Court will issue an appropriate Order.

Date: January 29th, 2019

JOSE L. LINARES
Chief Judge, United States District Court